## Caso *v.* The Registrar of Property.

Administrative appeal from a decision of the Registrar of Property of Arecibo.

### No. 6.—Decided April 20, 1904.

Entries in the Old Registries of Mortgages—Third Persons.—Although the entries of property rights in the books of the old registries of mortgages which have not been transferred to the modern books of the Registry within the legal period, cannot thereafter prejudice third persons, they are, nevertheless, effectual as between the contracting parties, and produce the proper legal effects as between such parties.

Id.—Upon the expiration of the period fixed for applying for the transfer of entries from the old to the new books, entries not transferred shall not be mentioned in the new records made in said new books.

Id.—Cancellation.—Entries in the old registries of mortgages, although they have not been transferred to the modern books of the Registry of Property within the period fixed so as to prejudice third persons, cannot be canceled *ex officio* by the registrars except in cases in which it may be proper according to the provisions of the law and regulations upon the subject, and article 453 *et seq.* of the Mortgage Regulations should be understood in this sense in connection with cancellations of said entries and the manner in which they should be made to appear in the books of the old and new Registry of Property.

Id.—References to entries of property rights existing in the books of the old registries of mortgages, which have likewise been made *ex officio,* are only

en los libros de las antiguas Anotadurías, siempre que su traslación no haya sido expresamente solicitada por los interesados dentro del plazo legal.

## EXPOSICIÓN DEL CASO.

*Visto*: el presente recurso gubernativo interpuesto por el abogado Don Juan R. Ramos, á nombre de Don Hilario Caso, contra resolución del registrador de la propiedad de Arecibo, denegatoria de la cancelación de una hipoteca.

*Resultando*: que presentado escrito al registrador de la propiedad de Arecibo, en veinte y dos de Septiembre de 1894, por el Presbítero Dr. Juan López y Aguas, para que en cumplimiento de lo ordenado en el artículo 397 de la Ley Hipotecaria de esta Isla trasladara á los libros modernos del Registro de la Propiedad una hipoteca constituida á favor del solicitante, por Doña Ricarda Vélez de Ramos, sobre bienes de su propiedad, radicados en el partido de Manatí, y de la que aparecía tomada razón al folio 35, libro 14, tomo 1 de la antigua anotaduría de hipotecas, declaró el Registrador, en 25 de Abril del año siguiente, suspendida la traslación que se interesaba, por no aparecer inscrito en los libros del Registro el dominio de las fincas gravadas; y habiendo acudido nuevamente con escrito, al mismo Registrador, en 15 de Marzo último, el abogado Don Juan Ramón Ramos, a nombre de Don Hilario Caso, como tercer poseedor que dice ser de una de las fincas gravadas con la hipoteca, para que se cancelara de oficio el referido asiento, por no haber sido trasladado á los nuevos libros del Registro dentro del año que fijó el Artículo 397 de la Ley Hipotecaria, y prorrogó, por otro año más, la Real Orden de 28 de Noviembre de 1894, para que pudieran ser trasladados los gravámenes existentes en los libros de las antiguas anotadurías, en perjuicio de tercero, denegó también el Registrador dicha solicitud, por los fundamentos de lo nota que puso á continuación de la misma y que copiada á la letra dice así:

"Denegadas las operaciones que se interesan en la precedente

capable of being canceled when the transfer thereof has not been requested
by the interested parties within the legal period.

## STATEMENT OF THE CASE.

A hearing was had of the present administrative appeal
taken by Attorney Juan R. Ramos, on behalf of Hilario Caso,
from the decision of the registrar of property of Arecibo
denying the cancellation of a mortgage.

A communication in writing having been presented to the
registrar of property of Arecibo on September 22, 1894, by
Dr. Juan López y Aguas, a priest, requesting, in compliance
with the provisions of article 397 of the Mortgage Law of this
Island, the transfer to the modern books of the Registry of
Property of a mortgage executed in favor of the petitioner
by Ricarda Vélez de Ramos, upon property of which she was
the owner, situated in the judicial district of Manatí, and of
which the memorandum appears at folio 35, book 14, volume
1, of the old registry of mortgages, the registrar, on the 25th
of April of the following year, declared the requested trans-
fer suspended on the ground that the ownership of the in-
cumbered estates did not appear recorded in the books of the
Registry. Attorney Juan Ramón Ramos again applied by
petition to the same registrar on the 15th of March last,
on behalf of Hilario Caso, as the alleged third possessor of
one of the estates incumbered by the mortgage, for the can-
cellation *ex officio* of the said entry, on the ground that it has
not been transferred to the new books of the Registry within
the year fixed by article 397 of the Mortgage Law, and the
said registrar extended for one year more the Royal Order
of November 28, 1894, to permit of the transfer of the incum-
brances existing in the books of the old registry of mort-
gages to the prejudice of third persons. The registrar also
denied said petition for the reasons set forth in the note
which he appended to the foot thereof, and which reads as
follows:

"The action requested to be taken in the foregoing communica-

instancia, por existir en este Registro una solicitud de traslado del asiento antiguo á los modernos libros, presentada dentro del término concedido para ello, cuyo traslado se suspendió por no hallarse inscrito en dichos libros el dominio de las fincas gravadas, y por no estar facultado el que suscribe para practicarlas.—Arecibo, Marzo 16 de 1904.    Entrelíneas.—Dentro.—Vale. José Marcial López.— Registrador.''

*Resultando* : que contra esta nota ha interpuesto en tiempo el Abogado Don Juan Ramón Ramos, á nombre de Don Hilario Caso, el presente recurso gubernativo para que se revoque la resolución del Registrador de Arecibo y se le ordene que cancele todas las inscripciones, anotaciones ó simples menciones de cargas, que existan en libros de la antigua anotaduría de hipotecas de aquel partido y que no hayan sido trasladados á los libros del Registro moderno sobre la finca denominada la ''Bomba'' de la propiedad de su representado y que tiene ésta inscrita á su favor en el moderno Registro.

Abogado del recurrente: *Sr. Ramos, (Juan R.)*.

EL JUEZ PRESIDENTE, SR. QUIÑONES, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Considerando* : que ni en la ley Hipotecaria, ni en el Reglamento y demas disposiciones posteriores que se dictaron para su ejecución, se encuentra disposición alguna que autorice á los Registradores de la Propiedad para cancelar de oficio los asientos de las antiguas anotadurías de hipotecas que no hubiesen sido trasladados á los nuevos libros del Registro, dentro del plazo que se fijó al efecto para que pudieran serlo con perjuicio de tercero; pues antes al contrario, lo que por la ley Hipotecaria y demás disposiciones citadas, se prescribe, es, que si bien los asientos de los derechos reales existentes en los libros de las antiguas anotadurías, que no fueren trasladados á los modernos dentro del plazo legal, no podrían perjudicar á tercero en lo sucesivo, quedarían, sin embargo, vigentes entre las partes contratantes, surtiendo entre ellas los efectos legales correspondientes, como así lo

tion is denied for the reason that there exists in this Registry a petition presented within the period granted for that purpose for the transfer of the old entry to the modern books, which transfer was suspended on the ground that the ownership of the incumbered estates is not recorded in said books, and because the undersigned is not authorized to take such action. Arecibo, March 16, 1904. José Marcial López, Registrar.''

In due time Attorney Juan Ramón Ramos, on behalf of Hilario Caso, took the present administrative appeal to have the decision of the registrar of Arecibo reversed and to have canceled all the records, annotations or mere entries making mention of the charges existing upon the books of the old registry of mortgages of that judicial district, and which have not been transferred to the books of the modern Registry upon the estate known as the ''Bomba,'' belonging to his client, and which is recorded in his favor in the modern Registry.

*Mr. Ramos (Juan R.),* for appellant.

MR. CHIEF JUSTICE QUIÑONES, after stating the foregoing facts, delivered the opinion of the court.

Neither in the Mortgage Law nor in the Regulations and other subsequent provisions issued for the execution thereof can be found any provision whatever authorizing the registrars of property to cancel, *ex officio,* the entries made in the old registries of mortgages which have not been transferred to the new books of the Registry, within the period fixed for that purpose to cause them to operate to the prejudice of third persons. On the contrary, what is prescribed by the Mortgage Law and the other provisions cited, is, that although the entries of property rights existing in the books of the old registries of mortgages, which were not transferred to the modern books within the legal period, could not thereafter operate to the prejudice of third persons, they would, nevertheless, be effectual as between the parties and produce between them the proper legal effects, as is specif-

establece terminantemente en su último párrafo el Artículo 449 del Reglamento de la Ley Hipotecaria en relación con lo dispuesto en su último apartado por el artículo 397 de la misma ley y lo reproduce en su 2° considerando la Real Orden de 8 de Mayo de 1894, la que en orden á las cancelaciones se limita á disponer: "que terminado el plazo señalado para solicitar las traslaciones, los asientos de derechos reales de los libros antiguos no trasladados, no se mencionarán en las inscripciones nuevas que se hagan, cancelándose de oficio, terminado dicho plazo, los menciones que también de oficio, se hubieran hecho en los libros modernos de asiento de los expresados derechos reales consignados en los antiguos, siempre que su traslación no haya sido expresamente solicitada por los interesados dentro del plazo legal"; precepto que con más claridad consignó también, en su parte dispositiva, la otra Real Orden de 18 de Junio de 1895, al disponer que "solo son cancelables las menciones de oficio que se hubiesen tomado directamente de los libros antiguos"; de todo lo que se infiere, con la mayor claridad, que dichos asientos antiguos aunque no hayan sido trasladados á los libros modernos del Registro, no pueden ser cancelados de oficio por los Registradores, sino en los casos en que proceda con arreglo á las disposiciones de la ley y del Reglamento sobre la materia, y que en ese sentido deben entenderse los artículos 453 y siguientes del reglamento, al hablar de las cancelaciones de esos asientos antiguos, y de la forma en que deben hacerse constar en los libros del antiguo y del moderno Registro de la Propiedad.

*Vistas* las disposiciones legales citadas.

Se confirma la nota denegatoria del Registrador de la Propiedad de Arecibo en cuanto por ella se deniega la cancelación solicitada por el abogado del recurrente en su escrito de 15 de Marzo último; y con devolución de los documentos presentados remítase al expresado Registrador copia certifi-

ically so provided by the last paragraph of article 448 of the Regulations for the execution of the Mortgage Law, in connection with the provisions of the last paragraph of article 397 of the same law, and as reproduced in the second statement of law contained in the Royal Order of May 8, 1894, which is limited to providing, with respect to cancellations, "that upon the expiration of the period prescribed for applying for transfers, the entries in the old books of property rights which have not been transferred shall not be mentioned in the new records made, and, upon the expiration of said period, the entries mentioned which may have likewise been made *ex officio* in the modern books of the said property rights set forth in the old books shall be canceled, provided that the transfer thereof has not been expressly requested by the interested parties within the legal period." This provision was also set forth with greater clearness in the decisory portion of the Royal Order of June 18, 1895, in providing that "only the entries mentioned *ex officio* which may have been taken directly from the old books are capable of being canceled"; and from this it can be inferred with greater clearness that said old entries, although they have not been transferred to the modern books of the Registry, cannot be canceled *ex officio* by the registrars except in cases where it may be proper according to the provisions of the law and regulations upon the subject, and article 453 *et seq.* of the Regulations should be understood in this sense in referring to the cancellations of said old entries and to the manner in which they should be made to appear in the books of the old and the modern Registry of Property.

Having examined the legal provisions cited, the decision of the registrar of property of Arecibo is affirmed in so far as it denies the cancellation requested by the attorney for the appellant in his petition of the 15th of March last. A certified copy of the present decision, together with the return of the documents produced, is ordered to be forwarded to

cada de la presente resolución para su conocimiento y demás efectos que procedan.

Jueces concurrentes: Sres. Hernández, Figueras, Sulzbacher y MacLeary.

---

## EL PUEBLO *v.* PARSON.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 57.—Resuelto en Abril 20, 1904.

PRUEBAS—CUESTIONES DE HECHO Y DE DERECHO.—Al jurado compete la resolución de las cuestiones de hechos, y al Tribunal, las de derecho, siendo el primero el único que puede declarar si hay prueba suficiente para declarar culpable al acusado.

ID.—NUEVO JUICIO—PLIEGO DE EXCEPCIONES.—En los casos en que el veredicto sea contrario á derecho ó á las pruebas, deberá concederse un nuevo juicio; mas en este caso es necesario probar, mediante un pliego de excepciones, que la declaratoria de culpabilidad es manifiestamente injusta, no siendo suficiente probar que el jurado cometió error al dar mayor valor á unos elementos probatorios, que á otros.

Los hechos están expresados en la opinión.

Abogado del apelante: Sr. *Ramos (Juan R.)*

Abogado del apelado: *Sr. del Toro, Fiscal.*

EL JUEZ ASOCIADO SR. HERNANDEZ, emitió la siguiente opinión del Tribunal.

El caso sometido á la decisión de esta Corte Suprema es un recurso de apelación interpuesto por Felipe Parson contra sentencia del Tribunal de Distrito de San Juan que le condena á siete años de presidio con trabajos forzados y las costas. El apelante fué acusado en seis de Agosto del año próximo pasado por el Fiscal del Distrito de San Juan, como autor del delito de homicidio, comprendido en el número 1 del artículo 203 del Código Penal, cometido en la siguiente forma:

"En la tarde del dia 17 de Junio de 1903 y en la casa de Agustina

the said registrar for his information and such other purposes as may be proper.

Justices Hernández, Figueras, Sulzbacher and MacLeary concurred.